UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALDOFO GAXIOLA,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and DIAMOND ENVIRONMENTAL SERVICES, LP,<br><br>         Defendants.<br><br>———————————————<br><br>UNITED STATES OF AMERICA,<br><br>       Third-Party Plaintiff,<br><br>v.<br><br>DIAMOND ENVIRONMENTAL SERVICES, LP,<br><br>       Third-Party Defendant. | Case No.: 19-CV-947 TWR (AGS)<br><br>**ORDER DENYING DEFENDANT AND THIRD-PARTY DEFENDANT DIAMOND ENVIRONMENTAL SERVICES, LP'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 54) |

Presently before the Court is the Motion for Summary Judgment ("MSJ," ECF No. 54; "Not.," ECF No. 55) filed by Defendant and Third-Party Defendant Diamond Environmental Services, LP ("Diamond"), as well as the Oppositions filed by Plaintiff Adolfo Gaxiola ("Pl. Opp'n," ECF No. 60) and Defendant and Third-Party Plaintiff the

1  United States of America ("U.S. Opp'n," ECF No. 61) and Diamond's Reply (ECF No.
2  62).  The Court vacated the hearing and took the matter under submission without oral
3  argument pursuant to Civil Local Rule 7.1(d)(1).  (*See* ECF No. 67.)  Having carefully
4  considered the Parties' arguments, the evidence, and the law, the Court **DENIES**
5  Diamond's Motion.

## PROCEDURAL BACKGROUND

7  Plaintiff initiated this maritime action against the United States on May 21, 2019,
8  alleging a single claim for negligence related to injuries Plaintiff sustained when
9  crewmen of the USS Boxer dropped a trashcan dolly on Plaintiff's head while he was
10  standing on the dock beneath them (the "Incident").  (*See generally* ECF No. 1.)  The
11  United States answered Plaintiff's Complaint on July 25, 2019, asserting as its fourth
12  affirmative defense that, "[i]f Plaintiff sustained injuries and damages by reason of the
13  matters alleged in the Complaint, which are denied, then said injuries and damages were
14  caused in whole or in part by the acts of third parties."  (*See generally* ECF No. 4.)

15  On October 1, 2019, the United States jointly moved for leave to file a third-party
16  complaint against Diamond, who provided the portable toilets and washstands (the
17  "Equipment") that Plaintiff was allegedly using at the time of the Incident.  (*See*
18  *generally* ECF No. 11.)  The Honorable Dana M. Sabraw granted the United States'
19  motion on October 7, 2019, (*see generally* ECF No. 14), following which the United
20  States filed its operative Third-Party Complaint for negligence against Diamond.  (*See*
21  *generally* ECF No. 15 ("3rd-Party Comp.").)

22  Following the filing of the United States' Third-Party Complaint, Plaintiff jointly
23  moved to amend his Complaint on October 17, 2019, to add Diamond as a Defendant,
24  (*see generally* ECF No. 17); Judge Sabraw granted Plaintiff's request on October 18,
25  2019.  (*See generally* ECF No. 18.)  On October 22, 2019, Plaintiff filed his operative
26  First Amended Complaint, adding a second cause of action for negligence against
27  Diamond.  (*See generally* ECF No. 19 ("FAC").)
28  / / /

20-CV-947 TWR (AGS)

1   Answers to the United States' Third-Party Complaint and Plaintiff's First
2   Amended Complaint were filed on November 8, 2019. (*See generally* ECF Nos. 25, 26,
3   28.)  On November 27, 2019, Plaintiff's employer, National Steel and Shipbuilding
4   Company ("NASSCO"), moved to intervene to protect its interest in recovering the
5   worker's compensation benefits it had paid to Plaintiff. (*See generally* ECF No. 33.)
6   Although the United States opposed the motion, (*see generally* ECF No. 38), on
7   February 18, 2020, Judge Sabraw granted NASSCO's request, limiting NASSCO's
8   participation to the recovery of the compensation it had rendered to Plaintiff. (*See*
9   *generally* ECF No. 41.)

10   On October 6, 2020, this action was transferred to the undersigned. (*See generally*
11   ECF No. 47.)  Diamond filed the instant Motion on May 26, 2021. (*See generally* ECF
12   No. 54.)

**LEGAL STANDARD**

14   Under Federal Rule of Civil Procedure 56, a party may move for summary
15   judgment as to a claim or defense or part of a claim or defense. Fed. R. Civ. P. 56(a).
16   Summary judgment is appropriate where "the movant shows that there is no genuine
17   dispute as to any material fact and the movant is entitled to judgment as a matter of law."
18   Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although
19   materiality is determined by substantive law, "[o]nly disputes over facts that might affect
20   the outcome of the suit . . . will properly preclude the entry of summary judgment."
21   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). A dispute is "genuine" only
22   "if the evidence is such that a reasonable jury could return a verdict for the nonmoving
23   party." *Id.* When considering the evidence presented by the parties, "[t]he evidence of
24   the non-movant is to be believed, and all justifiable inferences are to be drawn in his
25   favor." *Id.* at 255.

26   The initial burden of establishing the absence of a genuine issue of material fact
27   falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this
28   burden by "identifying those portions of 'the pleadings, depositions, answers to

1 | interrogatories, and admissions on file, together with the affidavits, if any,' which it

2 | believes demonstrate the absence of a genuine issue of material fact." *Id.* "When the

3 | party moving for summary judgment would bear the burden of proof at trial, 'it must

4 | come forward with evidence which would entitle it to a directed verdict if the evidence

5 | went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213

6 | F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.

7 | 1992)).

8 |       Once the moving party satisfies this initial burden, the nonmoving party must

9 | identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S.

10 | at 324. This requires "more than simply show[ing] that there is some metaphysical doubt

11 | as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

12 | 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "go

13 | beyond the pleadings and by her own affidavits, or by the 'depositions, answers to

14 | interrogatories, and admissions on file,' designate 'specific facts'" that would allow a

15 | reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at

16 | 324; *see also Anderson*, 477 U.S. at 248. Accordingly, the non-moving party cannot

17 | oppose a properly supported summary judgment motion by "rest[ing] upon mere

18 | allegations or denials of his pleading." *Anderson*, 477 U.S. at 256.

**ANALYSIS**

20 |       Through the instant Motion, Diamond seeks summary adjudication in its favor as

21 | to both Plaintiff's and the United States' negligence claims against it. (*See* MSJ at 3, 24.)

22 | Those claims generally allege that Diamond was negligent in placing its Equipment

23 | within the "fall zone" of the USS Boxer, where Plaintiff was injured by a falling trashcan

24 | dolly while using the Equipment. (*See* 3rd Party Compl. ¶ 10 ("Based upon information

25 | and belief, . . . it was the acts and/or omissions of said Diamond . . . employees in

26 | positioning the port-a-potties and hand-washing stand in an unsafe manner and location

27 | that caused plaintiff's claimed injuries."); FAC ¶ 13 ("Defendant DIAMOND . . .

28 | negligently breached its duty to use due care under the circumstances by placing the

equipment plaintiff was using under the USS BOXER gangway.").)   Accordingly, whether Diamond placed its Equipment in the "fall zone" is a material fact.[1]

Although Diamond contends that "[t]here is no genuine issue of material fact as to whether Diamond staged, placed or positioned the porta-potties and/or handwashing stations in the approved laydown area" because Diamond delivered the equipment before the USS Boxer had moored, (*see* MSJ at 15; *see also, e.g.*, MSJ at 2, 7–8, 14, 23), Plaintiff and the United States dispute this fact. (*See, e.g.*, Pl. Opp'n at 2–4, 6, 14, 21–22; U.S. Opp'n at 2–3, 6–9, 18, 20.)   For example, NASSCO's corporate designee testified that Diamond would have been instructed to return and place the Equipment after the ship had moored, (*see* ECF No. 61-3 ("U.S. Ex. B") at 3:19–24), and both NASSCO and the United States deny moving Diamond's Equipment. (*See id.* at 4:20–5:6 (NASSCO's Rule 30(b)(6) designee testifying that it was not "possible" that NASSCO had moved Diamond's Equipment); ECF No. 61-15 ¶ 5 (affirming that Navy personnel were not authorized to move contractor materials, such as Diamond's Equipment).)   Further, Diamond's delivery employee, Johnjohn Martinez, testified that he had no "specific recollection of March 5th, 2018," the date he delivered Diamond's Equipment to the pier where the USS Boxer would be docking later that evening, (*see* ECF No. 54-12 at 20:6–13); consequently, his testimony concerning where he delivered Diamond's Equipment on March 5, 2018, was based solely on his general practice, (*see id.* at 23:16–24:7), which conflicted with NASSCO's testimony.   (*See* Ex. B at 3:19–24, 4:20–5:6.)   In short, as the United States' expert, James L. Dolan, succinctly testified, "nobody seems to know or admit to who placed the particular [E]quipment in the location." (*See* ECF No. 63-1 at 25:13–14.)

---

[1] Pursuant to the undersigned's Standing Order for Civil Cases, "[t]he parties must meet and confer in person or by telephone to arrive at a joint statement of undisputed material facts, which must be filed no later than the reply brief."  Standing Order for Civil Cases III.B.6.  The Parties failed to submit a Joint Statement here.  Accordingly, the Court admonishes the Parties that future failures to abide by the undersigned's Standing Order for Civil Cases may result in the imposition of sanctions. *See, e.g.*, *Kurin, Inc. v. Magnolia Med. Techs., Inc.*, 473 F. Supp. 3d 1117, 1125 n.1 (S.D. Cal. 2020).

20-CV-947 TWR (AGS)

1      The weighing of this disputed evidence and evaluation of the Parties' credibility is

2  the province of the jury. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the

3  weighing of the evidence, and the drawing of legitimate inferences from the facts

4  are jury functions, not those of a judge."). Accordingly, the Court **DENIES** Diamond's

5  Motion.

6                                          **CONCLUSION**

7      In light of the foregoing, the Court **DENIES** Defendant and Third-Party Defendant

8  Diamond Environmental Services, LP's Motion for Summary Judgment (ECF No. 54).

9      **IT IS SO ORDERED.**

10

11  Dated:  September 13, 2021

12

                              Honorable Todd W. Robinson

13                                United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20-CV-947 TWR (AGS)